UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE M. VIST,

       Plaintiff,                          Hon. Philip J. Green

v.                                                 Case No. 1:24-cv-566

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION

This is an action pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's widow's insurance benefits claim. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. For the reasons articulated below, the Court will affirm the Commissioner's decision.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 225 (6th Cir. 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence

is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Comm'r of Soc. Sec.*, 776 F. App'x 897, 898 (6th Cir. 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 402 (6th Cir. 2018).  This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 398 (6th Cir. 2016).

## BACKGROUND

Plaintiff and James Vist, the insured individual, were in a relationship for approximately 15 years.  (ECF No. 5-2 at PageID.37).  During the COVID-19 pandemic, the couple decided to get married. On June 23, 2020, they obtained a marriage license, and on July 5, 2020, they got married.  (*Id.* at PageID.23).  On March 25, 2021, Mr. Vist passed away.  (*Id.* at PageID.40)

On May 3, 2021, Plaintiff applied for widow's insurance benefits under Title II of the Social Security Act. (ECF No. 5-4 at PageID.113-114). Plaintiff's claim was denied initially and on reconsideration. (ECF No. 5-3 at PageID.47-54).  Following an administrative hearing, the Administrative Law Judge (ALJ) determined that

Plaintiff did not qualify as a surviving spouse and was not entitled to widow's insurance benefits. (ECF No. 5-2 at PageID.22-23). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.* at PageID.12-14). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS

To qualify as a surviving spouse entitled to widow's insurance benefits, a claimant must be married to the insured individual for at least "nine months immediately prior to the day on which [the insured individual] died." 42 U.S.C. § 416(c)(1). The nine-month requirement is strictly enforced even when it has "potentially harsh results[.]" *Schmoll v. Saul*, 614 F. Supp. 3d 691, 694 (N.D. Cal. 2020) (citing *Weinberger v. Salfi*, 422 U.S. 749, 777 (1975)); *see also Colon v. Barnhart*, No. 00-5574, 2004 WL 60292 at *3 (S.D.N.Y. Jan. 13, 2004) (affirming the denial of widow's benefits where the marriage was two days short of nine months). In other words, "[c]ourts may not circumvent § 416(c)'s requirements simply because they believe that a particular claimant entered into a legitimate marriage; Congress chose to mitigate the risk of fraud 'in a specific way' and it is not the 'proper role' of the Court to 'redesign the statute.'" *Vail v. Comm'r of Soc. Sec.*, No. 3:21-CV-11783, 2022 WL 2824726 at *2 (E.D. Mich. Jun. 27, 2022) (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 530 (2019)).

Here, the ALJ denied Plaintiff's claim for widow's insurance benefits. (ECF No. 5-2 at PageID.22-23). The ALJ explained that Mr. Vist died after eight months and twenty days of marriage. (*Id.* at PageID.22). The ALJ considered Plaintiff's testimony that the couple would have wed sooner if not for pandemic-related delays. (*Id.* at PageID.22-23). Despite Plaintiff's testimony, the ALJ concluded that Plaintiff did not meet the statutory nine-month marriage duration requirement. (*Id.* at PageID.23).

It is undisputed that Plaintiff's marriage to Mr. Vist did not meet the nine-month marriage duration requirement. Plaintiff essentially asks the Court to waive the requirement based on (1) the pandemic; (2) the length of the relationship; (3) delays associated with obtaining a marriage license; and (4) her own health problems. While there are some exceptions to the nine-month marriage duration requirement,[1] none of the exceptions apply to this case. The ALJ's decision is supported by substantial evidence. While this may be a harsh result, the Court "must give effect to the unambiguously expressed intent of Congress.'" *Barnhart v. Walton,* 535 U.S. 212, 217 (2002).

---

[1] Exceptions include: (1) the insured person's death was accidental; (2) the insured person's death occurred in the line of duty while he or she was a member of the uniformed services serving on active duty; or (3) the widow had previously been married to the insured person and was subsequently divorced and the nine-month duration requirement would have been satisfied by the former marriage at the time of the divorce. 42 U.S.C. § 416(k).

## **CONCLUSION**

For the reasons stated herein, the Commissioner's decision is **affirmed**.

Date: May 27, 2025             /s/ Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                United States Magistrate Judge